**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STEVEN WEISS,

          Plaintiff,

    v.

PIONEER NATURAL RESOURCES
COMPANY, J. KENNETH THOMPSON,
RICHARD P. DEALY, A.R. ALAMEDDINE,
LORI A. GEORGE, EDISON C. BUCHANAN,
MARIA S. JELESCU DREYFUS, MATTHEW
GALLAGHER, PHILLIP A. GOBE, STACY P.
METHVIN, ROYCE W. MITCHELL, SCOTT
D. SHEFFIELD, and PHOEBE A. WOOD,

          Defendants.

Case No. _____

**COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES
LAWS**

**JURY TRIAL DEMANDED**

Plaintiff Steven Weiss ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.    This is a stockholder action brought by Plaintiff against Pioneer Natural Resources Company ("Pioneer" or the "Company") and the members of Pioneer's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"),

in connection with the Board's attempt to merge Pioneer with ExxonMobil Corporation ("ExxonMobil") (the "Proposed Transaction").

2.     On October 10, 2023, Pioneer entered into an Agreement and Plan of Merger with ExxonMobil and ExxonMobil's subsidiary, SPQR, LLC ("Merger Sub") (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, Merger Sub will merge with and into Pioneer, with Pioneer surviving as a wholly owned subsidiary of ExxonMobil and Pioneer shareholders receiving 2.3234 shares of ExxonMobil common stock for each share of Pioneer common stock they own.  Upon closing of the Proposed Transaction, Pioneer shareholders are expected to own approximately 12% of the combined company's common stock, with ExxonMobil shareholders owning approximately 88% of the combined company's common stock.

3.     On January 8, 2024, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Pioneer stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) Pioneer management's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Goldman Sachs & Co. LLC ("Goldman"); and (iii) potential conflicts of interest faced by the Company's additional financial advisors, Morgan Stanley & Co. LLC ("Morgan Stanley"), Petrie Partners, LLC ("Petrie Partners") and BofA Securities, Inc. ("BofA").

4.     The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Pioneer stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for Pioneer stockholders to vote on the Proposed Transaction is currently scheduled for February 7, 2024.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Pioneer's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.  Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Pioneer's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of shares of Pioneer common stock.

10.     Defendant Pioneer is a Delaware corporation, with its principal executive offices located at 777 Hidden Ridge, Irving, Texas 75038.  Pioneer's shares trade on the New York Stock Exchange under the ticker symbol "PXD."

11.     Defendant J. Kenneth Thompson has been Lead Director of the Company at all relevant times.

12.     Defendant Richard P. Dealy is President and Chief Executive Officer of the Company and has been a director of the Company at all relevant times.

13.     Defendant A.R. Alameddine has been a director of the Company at all relevant times.

14.     Defendant Lori A. George has been a director of the Company at all relevant times.

15.     Defendant Edison C. Buchanan has been a director of the Company at all relevant times.

16.     Defendant Maria S. Jelescu Dreyfus has been a director of the Company at all relevant times.

17.     Defendant Matthew Gallagher has been a director of the Company at all relevant times.

18.     Defendant Phillip A. Gobe has been a director of the Company at all relevant times.

19.     Defendant Stacy P. Methvin has been a director of the Company at all relevant times.

20.     Defendant Royce W. Mitchell has been a director of the Company at all relevant times.

21.     Defendant Scott D. Sheffield is the Company's Special Advisor to the Chief Executive Officer, previously served as the Company's Chief Executive Officer, and has been a director of the Company at all relevant times.

22.     Defendant Phoebe A. Wood has been a director of the Company at all relevant times.

23.     Defendants identified in paragraphs 11-22 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

24.     Founded in 1997, Pioneer operates as an independent oil and gas exploration and production company in the United States.  Pioneer explores for, develops, and produces oil, natural gas liquids ("NGLs"), and gas.  The Company has operations in the Midland Basin in West Texas.

**The Proposed Transaction**

25.     On October 11, 2023, Pioneer announced that it had entered into the Proposed Transaction, stating, in relevant part:

> SPRING, Texas & IRVING, Texas--(BUSINESS WIRE)--Exxon Mobil Corporation (NYSE: XOM) and Pioneer Natural Resources (NYSE: PXD) jointly announced a definitive agreement for ExxonMobil to acquire Pioneer. The merger is an all-stock transaction valued at $59.5 billion, or $253 per share, based on ExxonMobil's closing price on October 5, 2023. Under the terms of the agreement, Pioneer shareholders will receive 2.3234 shares of ExxonMobil for each Pioneer share at closing. The implied total enterprise value of the transaction, including net debt, is approximately $64.5 billion.
>
> The merger combines Pioneer's more than 850,000 net acres in the Midland Basin with ExxonMobil's 570,000 net acres in the Delaware and Midland Basins, creating the industry's leading high-quality undeveloped U.S. unconventional inventory position. Together, the companies will have an estimated 16 billion barrels of oil equivalent resource in the Permian. At close, ExxonMobil's Permian production volume would more than double to 1.3 million barrels of oil equivalent per day (MOEBD), based on 2023 volumes, and is expected to increase to approximately 2

MOEBD in 2027. ExxonMobil believes the transaction represents an opportunity for even greater U.S. energy security by bringing the best technologies, operational excellence and financial capability to an important source of domestic supply, benefitting the American economy and its consumers.

"Pioneer is a clear leader in the Permian with a unique asset base and people with deep industry knowledge. The combined capabilities of our two companies will provide long-term value creation well in excess of what either company is capable of doing on a standalone basis," said ExxonMobil Chairman and CEO Darren Woods. "Their tier-one acreage is highly contiguous, allowing for greater opportunities to deploy our technologies, delivering operating and capital efficiency as well as significantly increasing production. As importantly, as we look to combine our companies, we bring together environmental best-practices that will lower our environmental footprint and plan to accelerate Pioneer's net-zero plan from 2050 to 2035."

Pioneer Chief Executive Officer Scott Sheffield commented, "The combination of ExxonMobil and Pioneer creates a diversified energy company with the largest footprint of high-return wells in the Permian Basin. As part of a global enterprise, Pioneer, our shareholders and our employees will be better positioned for long-term success through a size and scale that spans the globe and offers diversity through product and exposure to the full energy value chain. The consolidated company will maintain its leadership position, driving further efficiencies through the combination of our adjacent, contiguous acreage in the Midland Basin and our highly talented employee base, with the improved ability to deliver durable returns, creating tangible value for shareholders for decades to come."

**Transaction Benefits**
Combining Pioneer's differentiated Permian inventory and basin knowledge with ExxonMobil's proprietary technologies, financial resources, and industry-leading project development is expected to generate double-digit returns by recovering more resource, more efficiently and with a lower environmental impact.

The transaction is a unique opportunity to deliver leading capital efficiency and cost performance as well as increase production by combining Pioneer's large-scale, contiguous, high-quality undeveloped Midland acreage with ExxonMobil's demonstrated industry-leading Permian resource development approach.

The unique, complementary fit of Pioneer's contiguous acreage will allow ExxonMobil to drill long, best-in-class laterals -- up to four miles -- which will result in fewer wells and a smaller surface footprint. The company also expects to enhance field digitalization and automation that will optimize production throughput and cost.

The combination transforms ExxonMobil's upstream portfolio by increasing lower-cost-of-supply production, as well as short-cycle capital flexibility. The company

expects a cost of supply of less than $35 per barrel from Pioneer's assets. By 2027, short-cycle barrels will comprise more than 40% of the total upstream volumes, positioning the company to more quickly respond to demand changes and increase capture of price and volume upside.

The transaction's unique value creation opportunity results in significant synergies and further upside potential that will be shared by both companies' shareholders. The merger is anticipated to be accretive immediately and highly accretive mid- to long-term to ExxonMobil earnings per share and free cash flow, with a long cash flow runway. ExxonMobil's strong balance sheet combined with Pioneer's added surplus free cash flow provides upside opportunity to enhance shareholder capital returns post-closing.

Finally, this merger represents the opportunity for even greater U.S. energy security by bringing the best technology, operational excellence, environmental best practices and financial capability to an important source of domestic supply, benefitting the American economy and its consumers.

### Accelerating to Net Zero in the Permian

ExxonMobil has industry-leading plans to achieve net zero Scope 1 and Scope 2 greenhouse gas emissions from its Permian unconventional operations by 2030. As part of the transaction, ExxonMobil intends to leverage its Permian greenhouse gas reduction plans to accelerate Pioneer's net zero emissions plan by 15 years, to 2035.

ExxonMobil will leverage the same aggressive strategy and apply its industry-leading new technologies for monitoring, measuring, and addressing fugitive methane to lower both companies' methane emissions.

In addition, using combined operating capabilities and infrastructure, we expect to increase the amount of recycled water used in our Permian fracturing operations to more than 90% by 2030.

### Transaction Details

The per-share merger consideration noted above represents an approximate 18% premium to Pioneer's undisturbed closing price on October 5 and a 9% premium to its prior 30-day volume-weighted average price on the same day.

The Boards of Directors of both companies have unanimously approved the transaction, which is subject to customary regulatory reviews and approvals. It is also subject to approval by Pioneer shareholders. The transaction is expected to close in the first half of 2024.

### Advisors

Citi acted as lead financial advisor, Centerview Partners as financial advisor, and Davis Polk & Wardwell as legal advisor to ExxonMobil. Goldman Sachs, Morgan

Stanley, Petrie Partners and Bank of America Securities acted as financial advisors to Pioneer; Gibson, Dunn & Crutcher LLP acted as legal advisor to Pioneer.

**The Materially Incomplete and Misleading Proxy Statement**

26.     On January 8, 2024, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that Pioneer stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) Pioneer management's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Goldman; and (iii) potential conflicts of interest faced by the Company's additional financial advisors, Morgan Stanley, Petrie Partners and BofA.

*Material Misrepresentations and/or Omissions Concerning Pioneer Management's Financial Projections*

27.     The Proxy Statement fails to disclose material information concerning Company management's financial projections for Pioneer.

28.     For example, with respect to the "Pioneer management forecast," the Proxy Statement fails to disclose all line items underlying (i) Adjusted EBITDAX; and (ii) Unlevered Free Cash Flow.

29.     The Proxy Statement further fails to disclose any projections for ExxonMobil or the combined company, including any projected synergies anticipated to be achieved from the Proposed Transaction, relied upon by Company management, the Board, or Goldman in connection with the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning Goldman's Financial Analyses*

30.     The Proxy Statement fails to disclose material information concerning Goldman's financial analyses.

31.     With respect to Goldman's *Illustrative Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 9.5% to 10.5%; (iii) net debt; and (iv) the Company's fully diluted outstanding shares.

32.     With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis – Pioneer Standalone*, the Proxy Statement fails to disclose: (i) Pioneer's net debt for each of the calendar years 2024 through 2026; (ii) the projected year-end number of fully diluted outstanding shares of Pioneer common stock for each of the calendar years 2024 through 2026; (iii) a quantification of the inputs and assumptions underlying the discount rate of 10.5%; and (iv) the estimated dividends to be paid per share of Pioneer common stock.

33.     With respect to Goldman's *Selected Publicly Traded Companies Trading Multiples* analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Goldman.

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's, Petrie Partners' and BofA's Potential Conflicts of Interest*

34.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's additional financial advisors, Morgan Stanley, Petrie Partners and BofA.

35.     For example, the Proxy Statement fails to disclose the compensation Morgan Stanley, Petrie Partners and BofA have received, or expect to receive, in connection with the

Proposed Transaction, and what portion of the compensation is contingent upon completion of the Proposed Transaction.

36.    The Proxy Statement further fails to disclose the details of any services Morgan Stanley, Petrie Partners or BofA have provided to Pioneer, ExxonMobil, or their respective affiliates, in the two years prior to the Company's entry into the Merger Agreement and the amount of compensation Morgan Stanley, Petrie Partners or BofA have received for any such services provided.

37.    In sum, the omission of the above-referenced information renders statements in the "Certain Pioneer Unaudited Prospective Financial Information," "Opinions of Pioneer's Financial Advisor" and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Pioneer will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Pioneer**

38.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Pioneer is liable as the issuer of these statements.

40.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

41.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

42.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

43.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

44.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

45.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

### COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants acted as controlling persons of Pioneer within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Pioneer and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement,

they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

48.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

50.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Pioneer, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  January 11, 2024                         **ACOCELLI LAW, PLLC**

                                        By  */s/ Richard A. Acocelli*
                                            Richard A. Acocelli
                                            33 Flying Point Road, Suite 131
                                            Southampton, NY 11968
                                            Tel: (631) 204-6187
                                            Email: racocelli@acocellilaw.com

                                            *Attorneys for Plaintiff*